ROBERT SCHUYLER, *et al.*, plaintiffs in error, *vs.* LEICESTER HULL, defendant in error.

*Error to Pike.*

Where the defendant in ejectment, in resisting a tax title, repels the presumption by proof that the land in controversy has been duly listed, the plaintiff will be required to prove, affirmatively, that there was such a listing as authorized the Auditor to charge the taxes and sell the land.

The defendant, Hull, was summoned to answer Robert Schuyler *et al.*, in an action of ejectment, returned to the April term, 1846, of the Pike Circuit Court, brought to recover the possession of the south-east quarter of section thirty-two, in township number four, south of the base line, and in range six, west of the fourth principal meridian, which they claimed to own in fee. A plea of not guilty was interposed.

At September term, 1849, this cause was tried by the Court, Minshall, Judge, presiding, a jury having been waived, and the Court found the issue joined in favor of the defendant.

The plaintiffs moved for a new trial, which was denied, and judgment was entered against the plaintiffs for costs. The plaintiffs then filed their bill of exceptions, showing that they produced and read in evidence to the Court a deed executed by the Auditor of state, in due form of law, dated the 31st day of January, A. D. 1834, to Stephen B. Munn, for the land in controversy, in pursuance of a sale of said land made on the 4th day of January, A. D. 1832, by the Auditor of state, for the taxes, interest and costs due thereon, for the year A. D. 1831 ; which said tax deed has never been recorded in the recorder's office in the said county of Pike and state of Illinois. The plaintiff also proved that the said Stephen B. Munn had conveyed the said premises, in fee simple, to the plaintiffs, by his deed of conveyance, in due form, and properly executed and acknowledged by him, on the seventh day of December, A. D. 1835, and that said deed and the certificate of acknowledgment were properly recorded in the recorder's office for said county of Pike, on the 8th day of August, 1836. The plaintiffs then proved that the defendant was in possession of the premises in controversy at the commencement of the suit, and rested their cause.

The defendant, in order to prove a seven years' possession of said premises, previous to the commencement of this suit, under a connected title within the limitation law of 1835, produced and read in evidence to the Court a patent from the United States for the land in controversy, to Richard Coming's, dated the 6th day of January, 1818, duly executed by the President of the United States, and which patent was recorded in the recorder's office of Pike county on the 14th day of November, A. D. 1839; and also a deed from Richard Comings to Samuel Shaw, for the same land, and dated the 20th day of January, A. D. 1837; which deed and certificates were recorded in the recorder's office of the county of Pike on the 14th November, A. D. 1839. The defendant also exhibited a deed from Samuel Shaw and his wife to Sewall P. Hart, the landlord of the defendant, dated the 26th day of March, A. D. 1839, duly acknowledged, and conveying to said Hart the land in controversy; which latter deed and certificate were recorded in the proper office. To the introduction of all which title papers plaintiffs excepted, but the Court overruled exceptions. The defendant then proved, that in the fall of the year 1838, said Sewell P. Hart, the grantee in the last mentioned deed, was living on a part of the premises in controversy, as a squatter, and that while so living on a part of said premises in the said year 1838, he contracted with said Shaw for a purchase of said premises, and took a title bond, which was never recorded; that Shaw was to send Hart a deed, which he neglected to do until the spring of 1839. The defendant also proved that said Hart, from the time he so contracted with said Shaw, occupied said land, by himself or tenants, until the commencement of this suit. All which was also excepted to, and exceptions overruled. The defendant then produced and offered to read in evidence to the Court the deposition of Thomas H. Campbell, and a diagram referred to in said deposition marked B.

Schuyler *et al. vs.* Hull.

## DIAGRAM B.

*Lands lying between the Illinois and Mississippi rivers, patented by the United States to individuals for their military services, and taxed by the state of Illinois.*

| Abstracts. | Acres. | Patentees. | Present owners. | County | Quar. | Section. | Township & Range | 1828. | 1829. | 1830. | 1831. | 1832. | 1833. | 1834. | 1835. | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 254 | 160 | Leonard Mitchell | A. Stow | Schuyler | N E | 4 | 1 S 1 W | $1 60 | $1 82 | $1 60 | $2 40 | $2 40 | - | $1 50 Mont | Schuyler | Schuyler |
| | | Sewell Hatchins | R. Robertson | Pike | S W | 22 | 4 S 6 W | 1 60 | 1 60 | 1 60 | 2 40 | 2 40 | Mont. | Mont. | Pike | Pike |
| | | Martin Hatch | Wm. James | — | S E | 22 | | 1 60 | 1 60 | 1 60 | 2 40 | 2 40 | 2 40 | " | do | do |
| | | Jacob Schultz | S. B. Munn | — | S W | 23 | | 1 60 | 1 60 | 1 60 | 2 40 | 2 40 | Mont. | Mont. | do | do |
| | | Daniel Lashley | R. Smith | — | S E | 23 | | 1 60 | 1 60 | 1 60 | 2 40 | 2 40 | do | do | do | Knox |
| | | Geo. Blake | B. Dedman | — | N ½ | 24 | | 3 30 | 3 28 | 3 46 | 4 80 | 4 80 | Mont. | Mont. | do | Pike |
| | | Wm. Ingersoll | A. Cushman | — | S W | 24 | | 1 60 | 1 60 | 1 60 | 2 40 | 2 40 | Mont. | Mont. | do | do |
| | | Joseph Tsaber | — | — | S E | - | | 1 70 | 1 68 | 1 82 | 2 40 | 2 40 | Mont. | Mont. | do | do |
| | | Rich, Cummings | — | — | S E | 32 | | 1 60 | Fulton | Fulton | 2 62 | 2 40 | Mont. | Mont. | Pike | Pike |

AUDITOR'S OFFICE, ILLINOIS,
*December 31, 1847.*

I, THOMAS H. CAMPBELL, Auditor of Public Accounts of the state of Illinois, do hereby certify that the foregoing is a true and correct copy from the tax book in my office for the year 1828 to 1836, inclusive, including the headings or caption found on the first page of said book.

In testimony whereof, I have hereunto subscribed my name, and affixed the seal of my said office, the day and year above written.

[SEAL.]
    THOS. H. CAMPBELL, *Auditor.*

The deposition of T. H. Campbell is omitted, but a duplicate of it can be seen *ante*, page 431, in the case of Graves *vs.* Bruen. The plaintiffs below prosecute this writ of error.

BROWNING & BUSHNELL, for plaintiffs in error.

WILLIAMS & LAWRENCE, with whom was R. S. BLACKWELL, for defendant in error.

Opinion by TREAT, C. J.:

The plaintiffs made out a *prima facie* case, by the production of the Auditor's deed to Stephen B. Munn, reciting a sale of the premises in question, on the 4th of January, 1832, for the taxes due thereon for the year 1831; and the proof that Munn had regularly conveyed to them. To rebut the presumption, arising from the deed, that the revenue laws had been complied with in the sale of the land, the defendant read in evidence a deposition of the Auditor. He stated that the diagram, attached to his deposition, contained all of the evidence appearing in the records and files of his office, that the land was listed for taxation for the year 1831, or the three preceding years. The diagram shows that taxes were charged against the land; but it wholly fails to show any listing, either by the owner or the Auditor, during those years. Nor does it furnish the least intimation of a previous listing. This case falls directly within the principles of the decision in the case of Graves *vs.* Bruen, *ante,* 431. The proof offered by the defendant repelled the presumption that the land had been duly listed for taxation; and required the plaintiffs to prove affirmatively that there was such a listing as authorized the Auditor to charge the taxes, and sell the land for the non-payment thereof. Failing to offer any evidence to sustain the deed, they were not entitled to recover.

The judgment of the Circuit Court will be affirmed, with costs.

*Judgment affirmed.*